SARAH DEARMAN, as Executrix, etc., of DAVID C. DEARMAN, Deceased, Respondent, *v.* STEPHEN S. MARSHALL, Appellant.

*Evidence — objection, made after a copy of an original paper has been admitted in evidence, that it has not been proved to be a copy, not sustained.*

Where a defendant, who has refused to produce an original document in his possession, objects to the introduction in evidence of an alleged copy thereof solely upon the ground that the document was made in a different trans-

action than the one then in question, and the court overrules the objection and admits the alleged copy in evidence, the subsequent refusal of the court to strike out, the alleged copy on the ground that it had not been proved to be a copy does not constitute error.

APPEAL by the defendant, Stephen S. Marshall, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 24th day of December, 1902, upon the verdict of a jury, and also from an order bearing date the 24th day of December, 1902, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*Charles A. Dryer*, for the appellant.

*Albert F. Gescheidt, Jr.*, for the respondent.

WOODWARD, J.:

The complaint in this action alleges that the plaintiff's testator owned and held a first mortgage of $6,500 on certain land in Westchester county, and that the defendant, as attorney for the said testator, caused the premises covered by said mortgage to be sold under foreclosure; that he bid in the property at the foreclosure sale, subsequently assigning his bid to his wife, Hannah J. A. Marshall; that the referee deeded the premises to her; that the premises were sold for $5,000, and that the defendant received from the referee $4,606.40, and gave his receipt therefor, this being the purchase price after the deduction of his costs in foreclosure; that he has kept said sum of $4,606.40, and that this amount is due, with interest, to the plaintiff as executrix, etc. The answer admits the foreclosure and that the title to the property was taken in the name of his wife, but denies knowledge or information as to the remaining allegations of the complaint, and alleges, as a further defense, certain matters in relation to the foreclosure of another mortgage, which do not appear to have any particular bearing upon this case. Upon the trial of the action, at the close of the evidence both parties moved for the direction of a verdict, and the learned justice presiding directed a verdict in favor of the plaintiff. The defendant appeals to this court.

The defendant concedes an indebtedness to the plaintiff as execu-

trix to the amount of $1,200 or $1,300, growing out of the transactions set out in the complaint or in the answer, but urges that a considerable part of the money realized upon the sale of the properties was expended by direction of plaintiff's testator upon certain properties, although the evidence upon this proposition is not at all satisfactory. The defendant, in common with the plaintiff, moved for the direction of a verdict, and the questions of fact and the credibility of witnesses were thus left to the determination of the court, and must be conclusive here.

One of the grounds for reversal now urged is that an alleged copy of a proposition made to plaintiff's testator by the defendant was read in evidence under the objection of defendant's counsel. The plaintiff had served notice upon the defendant to produce the original of this proposition. This the defendant's counsel refused, and objected to its introduction upon the ground that it was made in a different transaction. The plaintiff then offered in evidence a copy of the paper, which was received and read. No other objection was urged at the time, but subsequently it was suggested that it was not proved to be a copy of the proposition, but the trial court properly held that it was then in evidence and refused to strike it out. There was a conflict of evidence as to whether the defendant had signed the original paper, and defendant now urges that this presented a question for the jury. The trouble with this is that it comes too late. He moved for the direction of a verdict, and when the court had directed a verdict on the motion of the plaintiff he merely excepted to the direction, but did not ask to go to the jury upon this or any other question, and to the extent that the question was material it must be deemed to have been determined by the court as conclusively as though passed upon by the jury.

The judgment appealed from should be affirmed, with costs.

GOODRICH, P. J., BARTLETT, JENKS and HOOKER, JJ., concurred.

Judgment and order affirmed, with costs.